The next and final case on our call today is agenda number 4, number 129133, People of the State of Illinois v. Michael D. Chatman. Counsel to the appellant. Please identify yourself for the record. May it please the Court. Good morning, Your Honors Counsel. My name is Chris Hendrick from the Office of the State Appellate Defender, and I represent the appellant, Michael Chatman. Dominique Collins' December 2019 recorded statement implicated Michael Chatman in the March 2018 death of Ricky Green. Collins' statement was vital to the State's case against Chatman and led to him being charged. In 2021, the trial court held two hearings to determine whether the State had made good faith efforts to secure Collins' presence for trial. The Court's conclusion that the State had made such efforts was against the manifest weight of the evidence, where the State's efforts were limited to some phone calls, visits to prior addresses, and posting information to a hyper-local law enforcement website. Where the State has not demonstrated that the trial court's care was harmless beyond a reasonable doubt, a new trial should occur. As a starting point, this Court should adopt the Fourth District's holding in Chatman that the State must demonstrate its good faith efforts to procure a witness's attendance where the witness is allegedly unavailable due to the forfeiture by wrongdoing statute. By the plain language of that rule, 804, the witness must be unavailable as defined by that rule. In the Court below, the Fourth District panel followed this Court's precedent and the rule's plain language. Told that a party seeking to introduce evidence via the forfeiture by wrongdoing statute must demonstrate the witness's unavailability, which is typically done through one of the five scenarios in Rule 804A. The State has made no argument that this Court should adopt another standard. Should this Court have no questions as to this part of the case, Chatman rests on its briefs' arguments as to why the Fourth District standard is the correct one and should be adopted by this Court. Turning to whether the State had made good faith efforts in securing Dominique Collins' presence at trial, as all parties agree, only subsection A5 of the rule is potentially applicable in demonstrating Collins' unavailability. Via that subsection, in order to find Collins unavailable, the State needed to demonstrate by a preponderance that Collins had not appeared at trial and that it had been unable to secure his attendance by process or other reasonable means. At a good faith hearing, it's the proponent of the evidence that bears the burden of making this demonstration. This Court has repeatedly held that unavailability is a narrow concept subject to a rigorous standard. Therefore, it is only after the State has made that rigorous standard through its good faith efforts that a defendant's confrontation rights towards that witness becomes extinguished. Counsel, in this case, what else could the police or the State, what else could they have done to find, to locate this witness? What other actions could and should they have taken? Well, as the United States Supreme Court has stated, that if there is a possibility, albeit remote, that affirmative measures can be taken to secure the presence of the witness, it should be done. Among the reasonable steps here that the State could have done to satisfy its burden, issue a subpoena. People weren't in the trial room. They couldn't find them. My understanding is they weren't able to locate a person at all. They checked homes where he was living. He didn't answer his phone. I mean, they could not find his person anywhere. What good would issuing a subpoena have done? By the rule, it's either service of process or other reasonable means. Here, we know there's multiple addresses, as you identify, Your Honor, that Detective Christian visited several of those addresses. They had a phone number. And they tried all of those. So I'm just trying to get you to be specific, to give me one additional thing from the measures that they did take that you're contending should and could have been done to locate this person. What should have been done is obtaining either a subpoena for Collins, sending it to those addresses that they know, as the trial court found that it was good faith efforts to visit those addresses. Well, that begs the question. If those addresses were so good for good faith purposes to visit in person, why was the state acting in good faith by not issuing a subpoena at those addresses? And then, once that's properly done via either service in person or by mail, then you issue a warrant or ask the trial court to issue a warrant, just like it did for the Anderson sisters in this case. But you have to serve the warrant on someone in order to – the person would have to be served with the warrant in order for it to be effective. And if they can't find this individual, how are they going to serve the warrant? I mean, I know that it just seems circular to me. It seems that you're requesting that the state do things that they've already done. And I'm trying to figure out, with some specificity, what else are you contending with respect to this particular case should have been done? Well, to start with, subpoenas should have been issued at all of the addresses that Detective Christian visited on August 24th and 25th, 2021. There were five to six addresses that were visited. Specifically, one of these addresses was where this recording – or where this statement by Chapman allegedly happened in front of Devontae McCormick. It was Devontae McCormick's house, which was a relative of Collins. So, of course, subpoenas should have been issued. That's one of the first things that's listed in the rules. Subpoena, service of process, or other reasonable means. That's what should have occurred. When there's a proper subpoena issued, either by mail or service in person, then a warrant can be asked for in front of the trial court. And once the warrant's issued, then you've got good faith efforts. In fact, I turn this court's attention to the state's case, United States v. Smith. It's a court of appeals case from 2019. And that case demonstrates why we don't have good faith efforts here. There, good faith efforts were only found where the witness had no phone or address, left the jurisdiction, was in hiding. And yet, the government served process on the witness via a boyfriend and former attorney, relied on that attorney's representations, and then got a warrant for the witness. I turn this court's attention to Peeble v. Payne, where the first district appellate court of this state found that there were not good faith efforts there in trying to locate a witness who had appeared in the first trial, failed to appear for the second trial. The witness's statement was omitted, and then Payne was convicted. Between the two trials, the state made 20 to 25 attempts to locate that witness. Yet, the appellate court of the first district found those insufficient. There, it said the responsibility for the conduct of the Peeble's case rests with the state's attorney, not with the police. It is his duty to supervise and coordinate the efforts to locate the witness known to be missing. This record disclosed that in absence of any such supervision or coordination. That's similar to here. The prosecutors knew in at least May 2021, and likely earlier, about the inability to find Collins. And yet, in September 2021, we still have no control taken by the prosecutors here. And again, just like in Payne, Detective Christian's efforts might have been numerically impressive, but they just failed the test. Now, besides the subpoena and the warrant that should have been obtained, we also have that Detective Christian has this phone number as of October 2020. And Detective Christian calls up the phone number. Someone answers and says, Collins isn't here, essentially. And he didn't recognize the voice of Detective Christian. What did Detective Christian do after that? With that phone number? Nothing. He did not try to get a subpoena to figure out who owns that phone number. If Collins doesn't own it anymore, he didn't do anything that a normal police investigation would have done if it was making good faith efforts. And finally, Collins could have been listed as a missing person in Leeds. The state doesn't dispute the representation that he was supposedly in danger, Mr. Collins. Well, that qualifies him to Leeds. And contrary to Detective Christian's testimony in the September 2021 hearing, he would have met the criteria for Leeds. And they should have put him in there. So we have three steps here. We could put him in Leeds. Could have had a subpoena issued for him. And then, therefore, once a subpoena was issued and properly served by mail or in person, a warrant could have been issued. And there could have been further investigation for the phone numbers. All three of those steps were not taken. And the state simply dropped the ball here. And again, I turn to the state that they didn't take the reins here. That's what people be paying the states. The state has control over the investigation, not the officer. And what did the state do here? Nothing. It sat on its hands for that whole year and let the witness be unavailable. And that simply is not good faith efforts. And because of those meek and unsupervised efforts, the rigorous standard for good faith efforts has not been met here. And the pertinent question here would be whether approving of Collins' out-of-court statement under these facts would encourage laxity rather than diligence and desultory searches rather than systematic and coordinated efforts by the state and whatever investigative arms it employs. As this trial court error was preserved, the state must demonstrate beyond reasonable doubt that it was harmless. The state has failed to do so under any three of the prevailing tests. The evidence was, of course, not human over here. Collins' video-recorded statement added something to what was before the jury as no other evidence provided it just after the shooting confession. And this is why the state did not charge Chapman until it got this recorded statement from Collins. As to the evidence contributed to the verdict standard for harmless error, this court long ago recognized the power of a confession if believed by a jury as some of the most powerful, that can exist against a defendant. And as to overwhelming evidence, the jury found Chapman not guilty on multiple counts of first-degree murder and only found him guilty of felony murder. The evidence that Chapman intended to rob the decedent was not overwhelming, and additionally, we have jury notes indicating that they were weighing this felony murder element, the robbery element. Given all of this, the trial court's finding was against the manifest way of the evidence, and the trial court's error here was not harmless beyond a reasonable doubt. We ask this court to remand for a new trial. If there are no further questions on this court, thank you for your time. Thank you very much, counsel. Counsel to the athlete. Thank you. May it please the court, counsel. My name is Assistant Attorney General Katherine Snitzer on behalf of the people. The trial court's finding that Cumms was unavailable despite the state's reasonable, good-faith effort to find him was not against the manifest way of the evidence. I want to start by talking about the purpose of this hearsay conception, which is to ensure that a defendant cannot profit from his own wrongdoing. And in this case, it's undisputed that this defendant asked his family members to threaten the witness, and that's really the context of where this witness has become unavailable, and it made it so difficult for the state to find him. Now, of course, the state is still required to make a reasonable, good-faith effort, which means that they're required to take obvious steps that have a reasonable probability to lead to information that will help them find the witness. In any given case, what's reasonable will depend on the set facts and circumstances of the case. It will depend on what type of witness this is and what the police know about him. For example, the police generally will maybe check the witness's criminal history, check if they know about a close relative, a spouse or a parent, or if the witness lives with, they would check with them, check the last known address, follow up on any available information that they have. Counsel, wouldn't the police normally check leads? Why was that reason not used in that system? Well, the evidence here is that the police were aware of Collins' criminal history before that, so there's not testimony about leads here because the police were already familiar with him, so they didn't need to check if he had been arrested or something like that. They already knew that he hadn't. They did check other databases to look for addresses, so that's one of the important steps that they did take. They checked these databases. They looked for addresses, and then they followed up on the addresses that popped up in the database. Two of those addresses were in Champaign, two in Kendall County, and, of course, one in Iowa. They also sought information from other law enforcement by posting to iBoard, which is information sharing among police departments, and they also checked with Iowa Police, which is where they had last had contact with the witness. They tried to speak to Collins' brother. They went to the brother's house, and he appeared someone was there, and he went to the door. They also spoke to a defendant's mother and listened to defendant's calls because there was a family connection between the defendant and the witness. So the state essentially followed up on all of the available information to try and find this witness. Wouldn't the visit to the brother's house or whatever where somebody doesn't come to the door, they know that they're there looking for this individual, wouldn't that give rise to the reasonable belief that maybe that's where he was at and that you would issue a subpoena for that address? I don't think it's necessarily evidence that the witness is there. I think it's evidence that people inside don't want to talk to the police. That was the conclusion that the detective drew, and that's what he testified. My impression was that they didn't want to talk to us. I think the record shows that that wasn't Mr. Collins' witness's address. It was his brother's address, so it wasn't submitted and popped up as his address. In the witness's statement, he says that he saw Mr. Collins at his brother's home. So that's where this was. It's likely that the detective had seen the witness at his brother's home, correct? I don't know if he saw him there. The witness's statement was that he saw a defendant at his brother's home on the morning after the murder. As far as the cell phone, I know he says that somebody answers the phone and says it's not Collins, but wouldn't it be reasonable to find out who that cell phone is registered to? Because that would also indicate maybe some address or location information. Well, the police called this phone. They attempted to contact him through this phone. And when somebody else picks up and says this is the wrong number, there's one or two possibilities there. One is that Collins has gotten rid of this phone and he's given it to somebody else and it's no longer his phone. The other is that he's having someone else say that because he doesn't want to talk to the police. In either event, it's not likely that's going to lead to useful information unless... If it was still his phone, that wouldn't be useful? Well, there's not a clear path for the police to find that. Again, they did check the databases to get all the current address information, or all the infidece information that they could through those databases. So I don't know that the phone could have led to additional information. And to the extent that, I mean, there's no suggestion that they could have gotten, for example, geolocation data on the phone unless they got a warrant. No, I wasn't saying that. I was saying that they would subpoena the phone records. Those phone records would also indicate who the cell phone is registered to, who has a contract for the payment of it. And you don't think that would be useful? Well, I suppose it could, but I don't think that it would necessarily add much to this case because the police had some indication that he might not be using the phone anymore. And again, they've already done the record searches for his addresses, which would likely come up with the same type of information. Counsel, addressing your opponent's argument that the State's required to really do the extraordinary things to make sure they follow up on every lead, getting back to Justice O'Brien's question, wouldn't that, following up the ownership of the phone, wouldn't that have fallen into that category of following every lead to make sure that no stone's left unturned? Well, I don't think that's the correct standard. I don't think the police are certainly required to follow obvious leads, but the Harney v. Cross case is that it's always possible to think of additional steps in retrospect. And the State is not required to go through every possible lead, no matter how unlikely. They're meant to take reasonable steps based on the evidence available. And I think that looking for seeking cell phone data here, additional cell phone data, I should say, here might have been useful, but it very well could have been a long shot because there was some indication that he might not be using the phone anymore. Well, what were those indications? Well, the fact that someone answered the phone and said, you have the wrong number. Yeah, but that would be the reason for making sure that that was not his phone, right? That's possible. But even if they did know that it was his phone, it's not clear that that would have led them to where he was because he's clearly trying to- But they didn't try, right? They didn't try with respect to the phone. It is true that they did not seek a- or there's nothing in this record to- that they sought a subpoena for his phone records, or for the phone records for this cell phone that he may or may not have still been using. However, that wasn't something that was presented to the trial court, and I think it's important here that the question for this court is whether the trial court's finding was against the manifest way of the evidence, and that's not something that was brought to the attention of the trial court here. You know, defendants' other suggestion that they should have sought a subpoena for this witness, you know, as Justice Cunningham noted, was it really would serve no purpose. A subpoena is useless unless you can serve it. And having looked onto all of these addresses, they found no evidence that Collins was at the addresses, so serving a subpoena on one of these addresses would not have, you know, told Collins that he had to come to court. And because they couldn't get- serve a subpoena, they couldn't get a warrant. Finally, in terms of the lead's information, the testimony of the detective and the finding of the trial court was that this was not a missing person. This was someone who didn't want to be found. And that's consistent with the lead's definite- the lead's manual, I think, because if you look at the definition of a missing person, it gives a long list of, you know, criteria, one of which is this missing and there's a concern for their safety, but that's in the context of all of this list, which is people who are minors or disabled or reported missing by their families. The definition of a missing person is someone who's missing and not- under circumstances where their movements aren't under their own control. So someone who's missing not under their own esteem, but where there's an indication that they can't control their own movements. Collins here is- the information shows that he's clearly hiding from the defendant and his family and from the police because he doesn't want to testify. So he's not missing so much as hiding, which I think is a difference. Which is- so I don't- so the trial court's finding that he couldn't have been entered into leads as a missing person is not against the manifest way of the evidence. In addition, even if this statement was not properly admitted, it's harmless because the evidence overwhelmingly shows that this defendant's guilty of felony murder. There's absolutely no dispute that the defendant is the one who shot Mr. Green. He admitted it in his testimony and the evidence clearly showed that he was shot during the course of a robbery, even without Collins' statement. So the police also have the defendant's statement to Mr. Graham where he also says that he shoots Mr. Collins while he's trying to take his gun. We have text messages from before the shooting where the defendant and his friend are planning to take Mr. Green's gun. Green is shot with his own gun based on the forensic evidence. And the defendant also asks his friend, Marianna Anderson, to give him a false alibi. In addition to that, the only evidence that suggested that this didn't take place during the course of a robbery was the defendant's own testimony. And based on everything else in the record, the testimony simply was not credible and the jury wouldn't have believed it even without Mr. Collins' statement. His testimony contradicts his previous statements to police and the jury had listened to his phone call while he's in jail where before he's charged he's worried he's going to be charged with murder. And after he's charged, he's kind of brainstorming for a story to try and get him out of this. And he comes up with a variety of different theories, including, well, maybe I'm not guilty because I was intoxicated, before finally deciding only months before trial that he's going to raise a self-defense claim because, quote, it's by word against the dead. So even without Collins' statement, there's this overwhelming other evidence. So any error here would be harmless. And again, I think that under the circumstances, going back to the good faith efforts of the state, it's important to consider the state's efforts in light of defendant's actions, which is defendant had threatened this witness, this witness was hiding because he was in fear of what would happen if he testified. So that's what made it so difficult for the police to find him. So based on all of this, we would ask you to affirm the conviction. Thank you very much, counsel. In reply? Just briefly, Your Honors. Addressing, I believe the state conceded that there were multiple possibilities that could have been investigated regarding this phone number and case law as it states, people be counted, second district case from the state. Even a remote possibility that affirmative measures would have succeeded is relevant in assessing the state's good faith efforts to produce a witness. Let me clear that up for a minute. So what would the state, what do you think the state should have done about the telephone? What should the state have done about the telephone number once it gets the information from that October 20 phone call? Subpoena for the phone records is, Justice O'Brien indicated that they should have obtained those phone records, see who owns that phone number. Is it still owned by Collins? It's no longer owned by Collins. Who owns it now? Oh, it's a relative of Collins. They should have subpoenaed the phone records in terms of the contents of the phone? For the phone numbers, like a pen register. I mean, I know these days we don't go with that, but to determine who owns the phone and what phone calls are being made. Would that lead to a location? Potentially. It's one of these, albeit remote, scenarios. The state still needs to follow up. And here we have a total. You're saying that this is unreasonable that they, or I'm not sure that that's right, but they should have done all of this. So if they subpoenaed the phone company, AT&T or whatever, and for whatever basis, I mean, I'm not sure how they would do that. What would they have to show that AT&T or whoever, Verizon, would give them this? How would that show a location of where the defendant was? Well, it would show, first of all, that where he registered it with AT&T, not the defendant, Collins, but it would show that. It would show where phone calls are being made to, who he's talking to. From there, there's all sorts of... For example, whether the bill is paid online. Again, it's not whether it actually ends up getting the witness into court. So I'm asking you, how would this further the investigation to determine where physically this man was? Until the state takes those steps. We don't know for sure, and that's not the requirement, is that Ohio v. Roberts doesn't say we need to know for certain this is going to produce the witness. We have to have the state and its investigative arms take the steps in order for good faith efforts to occur. I hope... And again, I keep coming back to the prosecutor's total hands-off approach here, specifically between May and September 2021, where they know he hasn't appeared yet. What do we do in these six months? Almost nothing. The state brought up Hardy v. Cross. First of all, that's an ad hoc case. That's a different deferential standard of review. And look at the actions. There's a litany of actions, well, a list of 15-plus. And there, the witness told the state, yeah, I'm going to appear. But then it didn't. And regarding Leeds as a missing person, you know, the state admits the definition includes safety concerns. Here, the state, in its own motion, said we have safety concerns regarding this witness. So, of course, he would have been qualified to be in Leeds. To briefly address the harmless error argument here, the Greenham testimony was much less strong than this recorded statement by Collins that occurred. This confession allegedly occurred just moments after the shooting, versus two years later to some jailhouse informant who has his own incentive to provide this statement. And it's also, if you look at the transcript, the details of that confession are very... If Your Honors have no further questions, we ask that the trial court's finding of good faith efforts was against the manifest weight of the evidence, and that this error was not harmless beyond a reasonable doubt. Thank you, Your Honors. Thank you, counsel. Thank you both. This is agenda number 4129133, Puget Sound, Illinois, versus Michael Chapman. This case will be taken under advisement.